NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:06-cr-00041–07-RRB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | UNITED STATES' SENTENCING |
| ) | MEMORANDUM |
| JOSHUA S. MURPHY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

### SUMMARY OF SENTENCING RECOMMENDATIONS

**TERM OF IMPRISONMENT.. . . . . . . . . . . . . . . . . . . . . 188 MONTHS**

**SUPERVISED RELEASE. . . . . . . . . . . . . . . . . . . . . . . . . 5 YEARS**

**SPECIAL ASSESSMENT. . . . . . . . . . . . . . . . . . . . . . . . . $100.00**

The United States Probation Office ("USPO") has prepared a presentence investigation report ("PSR") in this case. The United States agrees with the factual and legal findings of the USPO.

## I.    BACKGROUND

The defendant was part of an international drug and money laundering conspiracy that is set forth in detail in the PSR. The Second Superseding Indictment, to which the defendant pled guilty, names him as a distributor of marijuana. Moreover, overt act three of that indictment alleges that, "[i]n or about January 2003, Cody and MURPHY arranged for other individuals to assault and to do physical harm to a former conspirator and prospective competitor, who was shot five times on January 10, 2003, in Anchorage. Based upon information corroborated by independent sources, the defendant did not know that the perpetrators intended to use a firearm in the assault; this was a decision made by one of the perpetrators acting alone.

Essentially, the defendant was a major distributor of marijuana in the early part of the conspiracy. He served as a wholesale distributor for at least six to ten retailers of marijuana. In addition, he used intimidation and firearms to protect his interests as well as those of the conspiracy. Later, in or about the spring of 2005,

he was essentially removed from the conspiracy's day to day operations by Cody, who felt that the defendant was too drug addicted to function effectively. Thus, at the time of Cody's death, for all intents and purposes, he was out of the conspiracy.[1]

## II.    THE PLEA AGREEMENT

The defendant pled guilty to count 2 (conspiracy to distribute marijuana) of the Second Superseding Indictment. As far as relevant conduct, the defendant admitted that "[d]uring the course of my involvement in the conspiracy, this group imported over 1,000 kilograms of marijuana." Plea Agreement, p. 4. He also admitted that he "carried firearms at various times during the conspiracy to protect myself," thus providing a factual basis for a two level firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).

## III.    GUIDELINE APPLICATIONS

The only apparent substantive dispute between the parties involves application of the aggravating role enhancement applied by the USPO. As stated in the USPO's response to the defendant's objection, this information is based

---

[1]    This explains why the relevant conduct from Cody's murder cannot be attributed to him. Even if he was still tangentially involved in the conspiracy, it would be a stretch to argue that Ranes and Shine's plan to kill Cody was reasonably foreseeable to him.

upon statements of two witnesses, one of whom is now deceased.  However, the

statements provide ample justification for application of a three level

enhancement.  Accordingly, the United States agrees with the USPO's assessment

that the defendant's advisory guideline range is 188 to 235 months in prison.

## IV.    APPLICATION OF 18 U.S.C. § 3553(a)

Application of the factors set forth in 18 U.S.C. § 3553(a) supports the

imposition of a sentence at the low end of the guideline range.  The defendant has

a checkered criminal history, and this appears to be his most serious offense in

which he was involved.  He also agreed to plead guilty and accept responsibility

prior to motion practice, allowing the government to direct its resources towards

other aspects of this investigation.  Given that the defendant was a major

distributor in a multi-million dollar, violent drug conspiracy, however, a serious

sentence is warranted.  Accordingly, the government requests a sentence of 188

months, followed by five years supervised release.  A $100 special assessment is

mandatory.  The defendant is required to forfeit his interest in the assets set forth

in the plea agreement.

//

//

RESPECTFULLY SUBMITTED this __24th__ day of June, 2008 in

Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Frank V. Russo
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing
was sent to the following counsel of record on June 24, 2008, via:

(X) Electronic case filing notice

Robert Herz, Esq.

Executed at Anchorage, Alaska, June 24, 2008.

s/Frank V. Russo
Office of the U.S. Attorney